IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br> Plaintiffs, <br><br> v. <br><br> V GUZMAN TRUCKING INC., <br><br> Defendant. | Case No. <br><br><br> Judge |

# COMPLAINT

Now come the Plaintiffs, Michael Haffner as Trustee of the Chauffer's, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund, et al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman, and Rioux, complaining of the Defendant, V Guzman Trucking, Inc., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act, ERISA, 29 U.S.C. §1132, Section 301(a) of the Labor Management Relations Act of 1947, as amended 29 U.S.C. § 185(a) and the Illinois Wage Payment and Collection Act. 820 ILCS 115/1, et seq, Jurisdiction is founded on the existence of questions arising there under and 28 U.S.C. §1367.

1

2. The Chauffer's, Teamsters, & Helpers Local Union No. 301 Health & Welfare Fund and Chauffer's, Teamsters, & Helpers Local Union No. 301 Health & Pension Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chauffer's, Teamsters, & Helpers Local Union No. 301, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 36990 N. Green Bay Road, Waukegan, Illinois, and venue is proper in the Northern District of Illinois.

3. V Guzman Trucking, Inc. is an employer engaged in an industry affecting commerce which entered into agreements which require it to pay fringe benefit contributions to the Trust Funds.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. V Guzman Trucking, Inc. must submit monthly reports listing the hours worked by its covered employees ("contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its covered employees.

6. The Defendant breached the Collective Bargaining Agreement and Trust Agreements by failing to submit the contribution reports and paying the fringe benefit contributions for the period August 2019 through present.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendants.

9. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

10. Pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendants.

11. Pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D), Plaintiffs are entitled to an amount equal to the greater of:

    a) double interest on the unpaid contributions; or
    b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount

that is due.

WHEREFORE, Plaintiffs pray:

a) That the Defendant be ordered to submit the contribution reports and pay contributions for the months August 2019 through present.

b) That V Guzman Trucking, Inc. be ordered to pay liquidated damages pursuant to the Trust Agreements.

c) That V Guzman Trucking, Inc. be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

d) That V Guzman Trucking, Inc. be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

e) That V Guzman Trucking, Inc. be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

f) That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectfully Submitted,
Attorneys for the Plaintiffs

/s/ Nicholas E. Kasmer
_____
Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601